IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUKE YERANSIAN,<br><br>                    Plaintiff,<br><br>        vs.<br><br>MARKEL CORPORATION, a Virginia Corporation;<br><br>                    Defendant. | **8:14CV63**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Filing No. 10, and plaintiff's motion for replevin, Filing No. 13. Plaintiff filed this suit in Douglas County District Court, Nebraska, alleging actions for replevin, and conversion, fraud, and breach of express and implied contract. Filing No. 1. Thereafter, defendant moved the case to federal court and filed this motion to dismiss, and plaintiff countered with the motion for replevin.

## FACTS

Plaintiff founded and served as the Chief Executive Officer of FirstComp Insurance Company. He served in that capacity for over 16 years. Thereafter, defendant purchased FirstComp in 2010. Plaintiff remained with the company until February 13, 2012, at which time he was escorted from the premises. Plaintiff accumulated a large amount of personal property, including art work, memorabilia, furniture and personal items. As part of an employment settlement agreement, defendant agreed to return certain personal properties potentially in its possession to the plaintiff and to attempt to find the remaining properties at the various locations throughout several offices in several states. Plaintiff contends these properties have not been returned. Defendant contends it has returned all of the properties in its

possession.   Plaintiff argues that defendant took the majority of his property prior to entering into the settlement agreement and continues to hold the same.   Plaintiff contends that employees have told him that said property remains in the control of the defendant.

## STANDARD OF REVIEW

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).   The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).  In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'"  *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 555-56.   In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 547.  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678-79. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at 679. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal,* 556 U.S. at 679.

"In considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 698 n.4. (8th Cir. 2003) (referring to writings that may be viewed as attachments to a complaint, such as the contracts upon which his claim rests); *Kushner v. Beverly Enters., Inc.,* 317 F.3d 820, 831 (8th Cir. 2003) ("When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.").

## DISCUSSION

### A.  Motion to Dismiss

The court reviewed the complaint and the relevant sections of the settlement agreement, as it pertains to the motion to dismiss.[1]  The court takes judicial notice of this settlement agreement without converting the motion into one for summary judgment, as these matters are embraced by the pleadings.  *See Enervations, Inc. v. Minnesota Mining and Mfg. Co.,* 380 F.3d 1066, 1069 (8th Cir. 2004) ("Though 'matters

---

[1] The relevant terms of the Agreement state:

The Company will make reasonable efforts to locate the following items previously located in the offices of FirstComp Insurance Company ("FirstComp"):  four FirstComp signs/logos previously hung behind the reception desks at FirstComp offices/headquarters; and boxing pictures and/or memorabilia belonging to Yeransian.  If the items can be located, the Company will notify Yeransian so that he can make arrangements to pick them up or have them shipped to a destination of his choosing at his cost.  Any of the items that can be located will be conveyed "as is" and "where is."

The Company further agrees to make arrangements for Yeransian and/or his representative to have supervised access to any materials which are believed to be items from Yeransian's former office(s), for the limited purpose of identifying and retrieving any personal property.  If there is a dispute regarding the ownership of the property he wishes to take, the parties agree to make reasonable efforts to resolve the dispute.

Filing No. 12, Attachment A.

4

outside the pleading' may not be considered in deciding a Rule 12 motion to dismiss, documents 'necessarily embraced by the complaint' are not matters outside the pleading.").

With regard to the allegations of conversion and replevin, the court agrees that plaintiff is permitted to plead in the alternative pursuant to Fed. R. Civ. P. 8(d) ("A party may state as many separate claims or defenses as it has, regardless of consistency."), and particularly here, where the conversion and replevin actions appear to be consistent with the breach of contract claim.  With regard to the replevin claim, plaintiff has plead that he is the owner of the items in question, is entitled to their immediate possession, and that the defendant wrongfully withheld the goods.  *See, e.g. Tootle v. First Nat. Bank,* 52 N.W. 396, 397 (Neb. 1892).  See Filing No. 1-1, ¶¶ 14 and 17.  Likewise, with the conversion claim, plaintiff has alleged that defendant has taken and refused to return the property owned by the plaintiff.  Filing No. 1-1, ¶¶ 20-21.  *See Barelmann v. Fox,* 478 N.W.2d 548, 558 (1992) (where court defines conversion as "any distinct act of dominion wrongfully asserted over another's property in denial of or inconsistent with that person's rights") (internal cite omitted).  Plaintiff has clearly made a claim that defendant asserts dominion over his property.  Filing No. 1-1, at ¶¶ 19-23. The court finds that plaintiff has sufficiently stated causes of action under both of these theories of recovery at this stage in the litigation.

Plaintiff also asserts allegations of fraud, stating that defendant made false and reckless representations about returning the property to plaintiff.  In fact, argues plaintiff, defendant made this representation so as to obtain a settlement of plaintiff's employment-related issues, at a large discount, based on representations that his property would be returned.  The court finds this is insufficient to comply with the more

stringent requirements of Fed. R. Civ. P. 9(b).  As the Eighth Circuit states, a plaintiff "must also meet the heightened pleading standard" of Rule 9(b) for claims alleging fraud.  *Freitas v. Wells Fargo Home Mortgage, Inc.*, 703 F.3d 436, 438-39 (8th Cir. 2013).  A plaintiff must allege who, what, where, when and how in support of a fraud claim.  *United States ex rel. Costner v. United States,* 317 F.3d 883, 888 (8th Cir. 2003); *see also Winkler v. Price,* 2013 WL 3776540 (D. Neb. July 17, 2013) ("The rule is interpreted in harmony with the principles of notice pleading, and to satisfy it, the complaint must allege such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.").  The court finds plaintiff has failed to set forth sufficient allegations of fraud as required under Fed. R. Civ. P. 9(b).  However, the court will allow the plaintiff 10 days to amend his complaint to include the requirements of Fed. R. Civ. P. 9(b), if he chooses to do so.

With regard to the breach of express and implied contract, plaintiff contends there was a signed agreement, that defendant breached the agreement, and plaintiff suffered damages.  The court finds that these allegations more than meet the elements as set forth under Nebraska substantive law as well as federal pleading requirements with regard to the alleged breach of the settlement agreement.  *See, e.g.*, *Phipps v. Skyview Farms, Inc.*, 610 N.W.2d 723, 730 (Neb. 2000) (plaintiff must plead existence of a promise, breach and damage and conditions that might activate the duty).  Accordingly, the court finds the breach of contract claim may proceed.  Accordingly, the Court will permit this claim to proceed at this time.

*B.  Motion for Replevin*

The court notes the magistrate judge ordered that the property subject to the replevin motion remain in the possession of the defendant until further order of the court.  Filing No. 16.  The order to hold property entered by the magistrate judge, Filing No. 16, shall remain in full force and effect until ordered otherwise.  The essence of this case concerns whether defendant is in unlawful possession of the items in question in this lawsuit.  The court will be unable to make that decision until such time as discovery is completed.  Therefore, the court finds this motion is moot.

THEREFORE, IT IS ORDERED:

1**.**  Plaintiff's motion for replevin, Filing No. 13, is denied as moot as set forth herein.  The order to hold all property relevant to this lawsuit, as set forth by the magistrate judge, Filing No. 16, shall remain in full force and effect.

2.  The motion to dismiss, Filing No. 10, is granted with regard to the claim for fraud, but the motion is denied with regard to all other causes of action.

3.  The plaintiff shall have 10 days from the date of this order to amend his complaint for fraud, if he chooses to do so.

4.  The magistrate judge is ordered to progress this case as set forth herein.

Dated this 10th day of September, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge